# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTI NEWTON,

        Plaintiff,

        v.                                            Case No. 06-C-0042

ASSOCIATED BANC-CORP,

        Defendant.

## ORDER

Plaintiff Kristi Newton alleges that defendant Associated Banc-Corp ("Associated") wrongfully terminated her employment because of absences covered by the Family and Medical Leave Act ("FMLA"). To be eligible for leave under the FMLA, an employee must have worked "for at least 1,250 hours" for her employer during the 12-month period before leave is to begin. 29 U.S.C. § 2611(2)(A)(ii); 29 C.F.R. § 825.110(a)(2). As of January 9, 2004, the date that she was terminated, Newton alleges that she worked "at least 1,240 hours" for Associated during the previous 12-month period. (Compl. ¶ 9.) On February 8, 2006, Associated filed a motion to dismiss for failure to state a claim, arguing that Newton failed to plead that she was an eligible employee under the FMLA because she only alleged that she worked "at least 1,240 hours." On February 23, 2006, Newton filed a motion for leave to amend her complaint to allege that she worked "at least 1,250 hours." Newton contends that the 1,240 figure was a scrivener's error, (Pl.'s Mot. ¶ 1), and she indicates that Associated does not object to the filing of an amended complaint.

(*Id.* ¶ 4.) In the joint scheduling report, the parties indicate that they agree that the plaintiff may amend her complaint and that Associated's motion to dismiss should be considered moot. (Joint Scheduling Report ¶ 6.A.) Based upon the agreement of the parties, the court grants the plaintiff's motion for leave to amend her complaint and denies the defendant's motion to dismiss as moot.

The court notes that it would deny Associated's motion to dismiss even if the plaintiff did not amend her complaint. If Newton alleged that she worked "no more than 1,240 hours" during the 12-month period before leave is to begin, she may have pled herself out of court. By stating that she worked "at least 1,240 hours," Newton could prove a set of facts that would entitle her to relief. Newton's complaint gave Associated sufficient notice of her claim, and Newton need not have specified any number of hours worked to have survived Associated's motion to dismiss for failure to state a claim.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to amend her complaint be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge